1  Kathleen C. Campbell
   10422 Ananda Lane
2  Rancho Cordova, California 95570
   (805) 906-9104
3  E-mail: "katcamp@gmail.com"
   Plaintiff Pro Se
4
5                              E-filing
6                  UNITED STATES DISTRICT COURT
7     FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION
8
9  KATHLEEN C. CAMPBELL,                Case No.    CV 09  3005 HRL
10       Plaintiff,                     COMPLAINT FOR DAMAGES
                                        AND FOR EQUITABLE RELIEF;
11 vs.                                  DEMAND FOR JURY TRIAL

12 THE WALT DISNEY COMPANY; WALT        (Copyright Infringement; Quasi-Contract -
   DISNEY ANIMATION STUDIOS; WALT       Unjust Enrichment; and Constructive Trust
13 DISNEY STUDIOS; DISNEY PRESS;        and Accounting)
   WALT DISNEY FEATURE ANIMATION;
14 WALT DISNEY PICTURES; DISNEY
   ENTERPRISES; PIXAR ANIMATION
15 STUDIOS; and DOES 1-20,

16       Defendants.
                                    /
17

18       Plaintiff Kathleen C. Campbell complains and alleges as follows:

19                              **JURISDICTION**

20       1. Jurisdiction is conferred upon this court by Title 28, United States Code sections 1331 and

21 1338(a), providing for original jurisdiction, without regard to the amount in controversy or the

22 citizenship of the parties, in the United States district court for all civil actions arising under the

23 Constitution, laws, or treaties of the United States because these claims arise under the Copyright

24 Act, Title 17, United States Code section 101 *et seq.*

25       2. This court has supplemental jurisdiction over the remaining claims for relief, without

26 regard to the amount in controversy or the citizenship of the parties, under 28 U.S.C. section 1367(a),

27 because this claim arises out of the same set of facts and circumstances and forms part of the same

28 case or controversy.

01CD002W.C04.ZP02 - Complaint and Demand for Jury Trial (case number to be assigned)

-1-

## VENUE

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391(a)(1) because this is the judicial district in which defendant where defendant Pixar Animation Studios resides and all defendants reside in the state of California.

## PARTIES

4. Plaintiff Kathleen C. Campbell is presently a citizen of the United States of America and a resident of the County of Sacramento.

5. Upon information and belief, defendants The Walt Disney Company, Walt Disney Animation Studios, Walt Disney Studios, Disney Press, Walt Disney Feature Animation, Disney Enterprises, and Walt Disney Pictures are companies whose business forms are presently unknown with principal places of business in Burbank, Los Angeles County, California.

6. Upon information and belief, defendant Pixar Animation Studios is a company whose business form is unknown with its principal place of business in based in Emeryville, Alameda County California.

7. Plaintiff Campbell does not know the true names and capacities of the defendants sued in this action as Does 1 through 20, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend her complaint to allege said Doe defendants' true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each of the fictitiously-named defendants is responsible in some manner for the occurrences and plaintiff's damages alleged in this complaint.

8. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was acting as agent, employee, servant, partner, and/or joint venturer of the remaining defendants, and all the acts complained of herein were done within the course and scope of said agency, employment, servitude, partnership and/or joint venture, and that all the acts alleged herein committed by each defendant were ratified and approved by the remaining defendants and/or done with the knowledge, consent and permission of the other defendants.

## ALLEGATIONS COMMON TO ALL CLAIMS

9. Defendants The Walt Disney Company, Walt Disney Animation Studios, Walt Disney

1  Studios, Disney Press, Walt Disney Feature Animation, Disney Enterprises, Walt Disney Pictures,
2  and Pixar Animation Studios are creators, producers, marketers, and distributors of motion pictures
3  and other entertainment products both in the United States and throughout the world.

4      10. In or about 2000, plaintiff Campbell obtained a copyright for an original screenplay of
5  fictional material entitled "The Challenge", copyright registration number TXu000968175.

6      11. In or about 2001, plaintiff Campbell sent a copy of "The Challenge", along with a cover
7  letter containing additional story material, to defendant The Walt Disney Company in Burbank,
8  California, for consideration as a commercial film or other project to be produced by Disney.
9  Defendant Disney neither returned the copy of "The Challenge" of the cover letter to plaintiff
10 Campbell nor responded to plaintiff in any manner.

11     12. Prior to August 2006, defendants The Walt Disney Company, Walt Disney Animation
12 Studios, Walt Disney Studios, Disney Press, Walt Disney Feature Animation, Disney Enterprises,
13 Walt Disney Pictures, and Pixar Animation Studios violated plaintiff Campbell's copyright rights
14 in "The Challenge" by copying "The Challenge" and/or incorporating its unique story into an
15 animated movie entitled "Cars", which said defendants created, produced, marketed, distributed, and
16 sold both in the United States and throughout the world in movie theaters and through the sales and
17 rentals of the DVD and videocassettes of the movie.

18     13. Plaintiff Campbell was not aware, nor should have plaintiff reasonably been aware, of
19 defendants' infringement of her copyright on "The Challenge" until she saw the movie "Cars" in or
20 about August of 2006 when plaintiff discovered that the defendants, and each of them, were using,
21 reproducing, marketing, and selling derivative products and concepts from plaintiff's copyrighted
22 "The Challenge" and distributing the same without any licence to do so and without payment of
23 moneys to plaintiff for the use of her copyrighted product.

24     14. The defendants' "Cars" movie is substantially similar, both extrinsically and
25 intrinsically, to plaintiff's "The Challenge" in ideas and expression, including, but not limited to,
26 plot, characters, themes, mood, pace, dialogue, and sequence of events, by way of example and
27 without limitation, as follows:

28     A. Plot and Theme - "The Challenge" involves a "4 X 4" off-road racer becoming "lost in

1  the desert", while "Cars" involves a contrived way for a "stock car" normally found on racetracks
2  to become "lost in the desert". In both "The Challenge" and "Cars", the plots involve a "cocky kid"
3  (in "Cars" an animated car itself) who thinks that life is about showing off. After getting lost in the
4  desert, the kids in both "The Challenge" and "Cars" learn through older experienced mentors ( both
5  former champion racers) that life is about friendship and teamwork, not self-centered ego, and both
6  kids lose their races because they take time to help someone else;

7      B. Characters - both "The Challenge" and "Cars" feature cocky kids who want to win a car
8  race to prove they are important and more experienced male role models from whom the kids learn
9  valuable life-lessons;

10      C. Setting - both "The Challenge" and "Cars" are set in the desert, an unusual and contrived
11  setting for a stock car race taken from "The Challenge"'s "normal" desert setting for off-road "4 X
12  4" races. While both stories include "the girl", "Cars" includes a scene of the kid and the girl on a
13  hill overlooking the city lights taken straight out of "The Challenge";

14      D. Mood - in both "The Challenge" and "Cars", the mood was one of an exciting "action-
15  adventure" with happy, upbeat overtones through the participants' personalities.

16      E. Pace - in both "The Challenge" and "Cars", the story starts out high-paced as the kids
17  prepare for their races. The pace in both stories then slows as the kids get lost in the desert and learn
18  their life-lessons. The pace in both stories then picks up again to the conclusions as the kids return
19  to their races.

20      F. Dialogue - numerous similarities between the dialogue in "The Challenge" and "Cars"
21  exist, including conversations between the racers and their mentors, the racers and the "girls", and
22  the racers and other characters; and

23      G. Sequence of Events - in both "The Challenge" and "Cars", the story begins with the cocky
24  kids' desire to win the race. In both stories, the kids then get lost in the desert. While lost in the
25  desert, the kids in both stories learn life-lessons about friendship from their friends and mentors. The
26  kids in both stories then return from the desert to the race venue to resume their races. In both stories
27  the kids ultimately lose their races because they stop to help others.
28  //

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

15. Plaintiff incorporates herein the allegations of paragraphs 1 through 14.

16. Plaintiff Campbell holds a registered copyright in "The Challenge", owns all right, title, and interest in and to plaintiff's copyright, and has not licensed or authorized the copying, reproduction, distribution or sale of her copyrighted works by defendants or anyone else for any purpose.

17. Defendants used, copied, reproduced, distributed, offered for sale, and sold infringing versions of plaintiff's "The Challenge" without plaintiff's consent or authorization or any license to do so. Defendants have infringed plaintiff's exclusive rights in and to plaintiff's copyright in violation of 17 U.S.C. section 106 by copying, reproducing, distributing, offering for sale, and selling plaintiff's copyrighted material. Defendants have engaged in this infringement knowingly and intentionally, deliberately making subtle changes to the plaintiff's copyrighted work in creating their infringing product and thereby establishing the defendants' deliberate acts of copyright infringement.

18. As a direct consequence and result of defendants' infringing activities, defendants have been unjustly enriched by any profits attained by the sale of such products, and plaintiff has been damaged in an amount to be established at trial in the form those profits as well as by lost revenues, sales, reputation, goodwill, and business opportunities. Alternatively, plaintiff may elect to seek statutory damages in a sum to be determined at the time of trial. Furthermore, plaintiff seeks statutory damages for intentional and willful infringement of plaintiff's copyrighted product.

19. Plaintiff further seeks from this court an order under 17 U.S.C. §503(a) impounding all infringing product in the defendants' possession which are unlawfully being held in violation of the copyright law in order to prevent any further sales and reproductions pending the outcome of this litigation.

20. Upon information and belief, defendants threaten to continue to do the acts alleged of herein and, unless restrained and enjoined, will continue to do so, all to plaintiff's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford plaintiff adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required.

Thus, plaintiff's remedy at law is not adequate to compensate her for the injuries threatened. Plaintiff therefore seeks preliminary and permanent injunctive relief ordering the defendants to stop all further sales and reproductions of products using plaintiff's copyrighted material.

WHEREFORE, plaintiff Campbell prays for judgment against defendants and each of them as hereinafter set forth below.

## SECOND CLAIM FOR RELIEF

### (Quasi-Contract - Unjust Enrichment)

21. Plaintiff incorporates herein the allegations of paragraphs 1 through 20.

22. Plaintiff Campbell is informed and believes and thereon alleges that the defendants have improperly used, copied, reproduced, marketed, distributed, and/or sold products infringing on plaintiff's copyright of "The Challenge" without any license having been granted by plaintiff to do so. The plaintiff never intended to gratuitously allow these defendants to use her copyrighted material in any form unless just compensation was received by her.

23. The defendants failed and refused, and continue to fail and refuse, to adequately compensate the plaintiff for their improper use of her copyrighted material, but continue to use the material without her permission.

24. Plaintiff Campbell is informed and believes and thereon alleges that, as a proximate result of defendants' conduct as herein alleged, the defendants had no right of any kind to use, copy, produce, market, distribute or sell any products containing plaintiff's copyrighted material without just compensation to the plaintiff.

25. As a proximate result of the wrongful acts herein alleged, these defendants have been unjustly enriched, and plaintiff has been damaged, in an amount measured as the profits attained by the defendants from the use of plaintiff's copyrighted work.

WHEREFORE, plaintiff Campbell prays for judgment against defendants and each of them as hereinafter set forth below.

## THIRD CLAIM FOR RELIEF

### (Constructive Trust and Accounting)

26. Plaintiff incorporates herein the allegations of paragraphs 1 through 25.

01CD002W.C04.ZP02 - Complaint and Demand for Jury Trial (case number to be assigned)

27. The conduct of defendants as alleged herein has further resulted in the defendants' wrongful use of plaintiff Campbell's copyrighted work without adequate compensation to plaintiff.

28. Plaintiff Campbell has never agreed to allow defendants to use her copyrighted material without just compensation. However, upon information and belief, defendants have been and continue to be receiving a substantial benefit from the plaintiff's images while depriving the plaintiff any payments for said use.

29. By virtue of defendants' conduct herein alleged, defendants hold all moneys owed to plaintiff in the form of royalties and all profits earned from the sale of infringing products as constructive trustees for plaintiff's benefit.

30. As a result of the aforementioned conduct of the defendants, an actual controversy has arisen and now exists between plaintiff and defendants relating to the legal rights and duties of said parties with regard to the constructive trust held by defendants for the plaintiff. Plaintiff desires a judicial determination of the parties' rights and duties with regard to this constructive trust.

31. Plaintiff does not know the amount of all moneys received by defendants from the sales of infringing products and demands that the court order an accounting to determine the total amount collected by the defendants from the sale of the infringing "Cars" movie and all derivatives thereof resulting from the infringement of plaintiff Campbell's copyright of "The Challenge" and related ideas.

WHEREFORE, plaintiff Campbell prays for judgment against defendants and each of them as hereinafter set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Kathleen C. Campbell respectfully requests judgment in her favor and against defendants The Walt Disney Company, Walt Disney Animation Studios, Walt Disney Studios, Disney Press, Walt Disney Feature Animation, Disney Enterprises, Walt Disney Pictures, Pixar Animation Studios, and Does 1-20, and each of them, as follows:

**On Plaintiff's First Claim for Relief for Copyright Infringement:**

32. Pursuant to 17 United States Code section 502, an order that defendants and defendants' officers, agents, servants, employees, attorneys, successors and assigns, and persons in active concert

1 or participation with any of them be enjoined and restrained during the pendency of this action and
2 permanently thereafter, from:

   A. Copying, reproducing, marketing, distributing, selling, or otherwise using plaintiff Campbell's copyrighted material or ideas related to "The Challenge";

   B. Concealing, destroying, or otherwise disposing of, or altering, tampering with or in any other manner secreting any records documenting the manufacture, sale, receipt, copying, or unauthorized use of things involved in shipping, delivering, holding for sale, distributing, advertising, offering for sale, selling, copying, or unlawfully using any materials of plaintiff Campbell which are unauthorized copies or reproductions which are the subject of plaintiff's registered and common law copyrights;

   C. Other than pursuant to a court order or a discovery instrument propounded by plaintiff Campbell, moving, destroying, concealing or otherwise disposing of any unauthorized copy of any materials which are the subject of plaintiff's copyrights; and

   D. Knowingly assisting, inducing, aiding or abetting any other person; or business entity in engaging in or performing any of the activities referred to in subparagraphs 32(A) through (C) above.

33. Pursuant to 17 U.S.C. section 503, that defendants be required to deliver defendants' entire inventory of infringing materials including, but not limited, all versions of the defendants infringing "Cars" and any and all derivative or similar products thereto.

34. That defendants, within thirty days after service of judgment, with notice of entry thereof upon defendants, be required to file with the court and serve upon plaintiffs a written report under oath setting forth in detail the manner in which defendants has complied with the requirements of prayer paragraphs 32 and 33.

35. That, pursuant to 17 U.S.C. section 504, plaintiff Campbell be awarded defendants' profits stemming from their infringing activities as well as plaintiff's damages including her lost revenues, sales, reputation, and business opportunities.

36. That, alternatively, pursuant to 17 U.S.C. section 504, plaintiff Campbell be awarded statutory damages as to each defendant in an amount to be determined at the time of trial.

1  37. That, pursuant to 17 U.S.C. section 504, plaintiff Campbell be awarded statutory damages against defendants for willful infringement at the maximum amount allowed under the law.

3  38. That, pursuant to 17 U.S.C. section 505, plaintiff Campbell be awarded her costs and attorney's fees incurred in this action.

**On Plaintiff's Second Claim for Relief for Unjust Enrichment:**

39. For general and special damages according to proof;

40. For interest at the legal rate according to proof;

41. For costs of suit herein incurred; and

42. For such other relief as the court deems just and proper.

**On Plaintiff's Third Claim for Relief for Constructive Trust and Accounting:**

43. For an order declaring that defendants hold in trust for plaintiff Campbell's benefit all moneys received from the sales of defendants' infringing products from the first distribution date until the time of trial;

44. For an accounting of all monies found owing to plaintiff;

45. For damages in the amount of all monies found owing to plaintiff;

46. For interest at the legal rate according to proof;

47. For costs of suit herein; and

48. For such other and further relief as the court may deem just and proper.

collected by the defendants from the sale of the infringing "Cars" movie and all derivatives thereof.

Dated: 7-1-09

By: Kathleen C. Campbell
Plaintiff Pro Se

**DEMAND FOR JURY TRIAL**

Plaintiff Kathleen C. Campbell hereby demands a trial by jury on all issues triable thereby.

Dated: 7-1-09

By: Kathleen C. Campbell
Plaintiff Pro Se

01CD002W.C04.ZP02 - Complaint and Demand for Jury Trial (case number to be assigned)

-9-